No.   93-633

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

      Plaintiff and Respondent,

-v-

JOHN OWEN COPELTON,

      Defendant and Appellant.

FILED

JUL 6 1994

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighteenth Judicial District,
               In and for the County of Gallatin,
               The Honorable Thomas A. Olson, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Herman A. Watson, III, Bozeman, Montana

        For Respondent:

        Hon. Joseph P. Mazurek, Attorney General, Patricia
        Jordan, Assistant Attorney General, Helena, Montana;
        A. Michael Salvagni, Gallatin County Attorney, Jane
        Mersen, Deputy County Attorney, Bozeman, Montana


                     Submitted on Briefs:   May 19, 1994

                            Decided:   July 6, 1994

Filed:

                          Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from a jury verdict and the ensuing sentence and judgment by the Eighteenth Judicial District Court, Gallatin County. We affirm.

We consider the following issue on appeal:

Did the District Court err in overruling Defendant's objection to statements made in the State's closing argument?

John Copelton (Copelton) and Sam Leggett (Leggett) were involved in a one car accident on December 13, 1992, in Bozeman. After drinking at various places, the two men ended up at the Bozeman gun show where Leggett bought two guns and Copelton bought a knife.

Although Leggett is a professional truck driver, he testified that Copelton was driving Leggett's truck. Copelton who had blood alcohol content of .193 at the time he was arrested, is alleged to have lost control of the truck and rolled it. Copelton does not remember whether he or Leggett was driving at the time of the accident.

Copelton was subsequently arrested and charged with driving under the influence, carrying a concealed weapon, and failure to use seat belts. Copelton pled guilty to not using his seat belt. However, a jury trial was held on the other two charges. The jury returned a guilty verdict after six hours of deliberation and a sentencing hearing was subsequently held on November 4, 1993.

On the Driving Under the Influence charge, the court sentenced Copelton to three days in jail, a fine of $300.00, administrative

2

fees of $15.00, court costs of $10.00 and six-month suspension of his driver's license. Further, Copelton was required to complete the ACT program. On the concealed weapon charge, the court sentenced Copelton to a fine of $100.00, administrative fees of $15.00, and court costs of $10.00.

Copelton appeals the jury verdict and the subsequent sentence.

The basis of this appeal is Copelton's argument that the counselor for the State made prejudicial comments concerning evidence outside the record during her closing argument to the jury. The statement made included:

> If the State called every rebuttal witness that the defendant wanted us to call, we'd still be here tomorrow. You can't speculate as to what they would have said or who they would have called. The State didn't need to call any rebuttal witnesses because there's plenty of evidence in front of you, that Mr. Copelton was driving.

Copelton argues that the prosecutor's remarks acted to deny his right of confrontation of the witnesses to which she referred in her closing statement. Copelton states in his brief that his counsel objected to this reference to evidence outside the record.

However, what the record actually shows is at the close of defense counsel's own closing argument, he requested that he be permitted to make an objection after the jury left. The jury was dismissed and then counsel made an objection to something that the State's counsel had said during her closing statement. The court overruled the objection without any discussion.

Section 46-20-104, MCA, calls for a "timely" objection except as indicated in § 46-20-701(2), MCA. The latter section provides that on appeal this Court can consider errors which affect

3

constitutional rights of the party as long as they also 1) constitute a right which did not exist at the time of trial, 2) the court or law enforcement agency suppressed evidence at trial, or 3) a material or controlling fact upon which the claim is predicated was not known at the time of trial.

While Copelton argues on appeal that his constitutional right of confrontation is at issue and that the statement prejudiced him, he has not excused his failure to object by establishing that any of the reasons mentioned in § 46-20-701(2), MCA, exist. Failure to object to an alleged error at trial in an timely fashion prevents this Court from reviewing the alleged error. State v. Rodgers (1993), 257 Mont. 413, 849 P.2d 1028. We conclude that because Copelton has not met any of the statutory criteria of § 46-20-701(2), MCA, his failure to timely object during the State's closing argument prevents our review of the alleged error.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

4

_____

_____
William E Hunt Sr
Justices

July 6, 1994

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Herman A. Watson, III
*Attorney at Law*
502 S. 19th Ave., Ste. 305
Bozeman, MT 59715

Hon. Joseph P. Mazurek, Attorney General
Patricia Jordan, Assistant
Justice Bldg.
Helena, MT 59620

A. Michael Salvagni, County Attorney
Jane Mersen, Deputy
615 S. 16th Ave., Rm. 100
Bozeman, MT 59715

ED SMITH
CLERK OF THE

SUPREME COURT

STATE OF

MONTANA

BY: *A. Gallagher*
Deputy